■ In the Matter of the Estate of VADIM S. MAKAROFF, Deceased. JOSEPH A. GIMMA et al., Appellants; LUCILE H. GASTON, Respondent.— Order entered February 24, 1966, permitting service and filing of an amended bill of particulars, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to petitioners-appellants, and the motion denied. Vadim S. Makaroff, decedent herein, died January 2, 1964. Respondent Lucile H. Gaston was served with notice of probate on January 16, 1964. There was no contest and accordingly the will was admitted to probate January 22, 1964. Respondent served a notice of election on July 20, 1964, two days short of the six-month period within which it was required to be filed. Respondent did not attempt to enforce the notice of election. Accordingly, petitioners herein instituted this proceeding on October 27, 1964 for a determination of the validity of the notice of election. Respondent's answer does not allege the basis of her claim as decedent's surviving spouse and does not deny the allegation of the petitioners that decedent left no surviving spouse. Respondent's attorney stated in November, 1964 that respondent relied on a common-law marriage in the Virgin Islands in February, 1963. On respond-

ent's examination before trial in December, 1964, and in her bill of particulars dated May 10, 1965, respondent relied upon a common-law marriage in the Virgin Islands on February 17, 1963 to establish her status. After the death of a material witness in 1965 and after petitioners had moved on July 27, 1965 for judgment vacating the notice of election on the ground that common-law marriages entered into in the Virgin Islands are void, respondent sought to shift the basis of her claim to a common-law marriage in Palm Beach, Florida in September, 1963. The Surrogate sustained petitioners' objection that evidence of a Florida marriage was precluded by the respondent's bill of particulars and adjourned the trial without date to permit respondent to move to amend her bill. In October, 1965 respondent moved to amend her bill and the motion was granted. Prejudice resulted to petitioners from the change of respondent's legal position after the death of the material witness available to petitioners. Said witness had personal knowledge of decedent's stay and activities in Florida during September, 1963 and allegedly was in a position to negate the claimed Florida common-law marriage. Further, the record fails to establish any excuse or reason for respondent's failure prior to October, 1965 to allege the Florida common-law marriage. In the circumstances it was an unwise exercise of discretion to allow the amendment of respondent's bill of particulars. Concur — Rabin, J. P., McNally, Stevens and Eager, JJ.